STATE, Respondent, v. ADNEY, Appellant.

(153 N. W. 907.)

(File No. 3735.   Opinion filed August 7, 1915.)

**Adultery—Date of Carnal Knowledge—Unentered Decree of Divorce— Marriage After Entry of Decree—Right to Re-Marry.**

Where a husband, afterward charged with adultery, obtained an order adjudging and decreeing his right to a divorce, which decree was not formally entered until over two years later, and his attorney wrote him that his divorce had been granted,

the letter being shown to the woman with whom the adultery was alleged to have been committed, who .testified she believed defendant was divorced and that he had a right to remarry, and there was 'no evidence tending to show carnal knowledge by defendant of said woman until after date of said order for divorce decree, held, that defendant was not guilty of adultery.

McCoy, P. J., and Whiting., J. concurring in the result only.

Appeal. from Circuit Court, Marshall County.   Hon. THOMAS L. BOUCK, Judge.

The defendant, John Adney, was convicted of the crime of adultery, and he appeals.   Reversed.

*Albert H. Wells,* and *Howard Babcock,* for Appellant.

*C. C. Caldwell,* Attorney General, and *Byron Abbott,* State's Attorney, for Respondent, the State.

Respondent cited:   Nelson on Divorce and Separation, Section 579; Alt v. Banholzer, 39 Minn. 511; State v. Eaton, 85 Wis. 587, 55 N. W. 890; Teter v. Teter, 88 Ind. 494; Nelson on D. & S., Sec. 582; Cook v. Cook, 144 Mass. 163, 10 N. E. 749; Googins v. Googins, 152 Mass. 533, 25 N. E. 833.

POLLEY, J.   Appellant was convicted of the crime of adultery, and as grounds for a reversal of the judgment of conviction he contends:   First, that the information in the case does not state facts sufficient to constitute a public offense; and, second, that the evidence is insufficient to support the verdict.   The portion· of the information that is material to a consideration of · the questions presented reads as follows:

"That John Adney, late of said county, yeoman, at the county of Marshall and state of South Dakota, aforesaid, did between the 1st day of May, 1911, and the 1st day of May, 1914, he then and there being a married man, having a wife living, commit the crime of adultry with one Madeline La Croix, by then and there having carnal knowledge of the body of the said Madeline La Croix."  .

It will be noted that this information makes. no attempt to fix the date of the commission of the offense charged, other than to allege that it occurred between two specified dates that are exactly three years apart, and one of which is more than three years prior to the filing of the information; nor does it allege that the other party to the offense was not the wife of the ac-

cused. The objection that the information was insufficient in these respects was made to the trial court by demurrer before defendant entered his plea, and again by motion in arrest of judgment after conviction; and it is now urged by appellant that the failure to allege that the offense was committed on some specified day within three years prior to the filing of the information, and to allege that the other party to the offense was not the wife of the appellant constitute fatal defects.

As we view this cause and the circumstances by which it is surrounded, it is not necessary to determine the sufficiency of this information. At the trial there was received in evidence a decree of divorce, in an action wherein this defendant was plaintiff and the complaining witness (defendant's former wife) was defendant. In said decree, it is recited that that action was tried on the 27th day of March, 1912, and that on that date the court made an order in which it was adjudged and decreed that Adney, the defendant in this action, was entitled to a decree of divorce. His attorney in that action wrote him that his divorce had been granted. This letter was shown by the defendant to Mrs. La Croix, who testified that she believed defendant was divorced from his former wife and that he had a right to get married again. For some reason said decree of divorce was not formally entered until the 14th day of May, 1914. The information in this case was not filed until the 16th day of June, 1914. Defendant and Mrs. La Croix were married on the 15th day of May, 1914—a month and three days prior to the filing of said information—and since that time have been living together as husband and wife. There is nothing in the record tending to show that defendant ever had carnal knowledge of Mrs. La Croix until after the 27th day of March, 1912, the date of the trial of the divorce case, when they both appear to have believed that he was divorced and had a right to get married again.

Under these circumstances, we believe the prosecution was unwarranted, and the judgment appealed from is reversed.

McCOY, P. J., and WHITING, J., concur in the result only.